UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NOE SAUL CHICAS,

Petitioner,

v.

PAMELA BONDI, *et al.*,

Respondents.

Case No. C26-451-RSM

ORDER GRANTING PETITIONER'S WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

## I.    INTRODUCTION

This matter comes before the Court on Petitioner Noe Saul Chicas' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. #5. The Court has reviewed the petition, the Government's Response and declarations, Dkts. #8-10, a Reply, Dkt. #13, and the remainder of the record. The Court draws the following facts from the verified petition, Dkt. #5, and a declaration of a deportation officer provided by the Government, Dkt. #9.

## II.    BACKGROUND

Petitioner is 36-year-old citizen of El Salvador. From around the age of 15, Petitioner was recruited by MS-13 gang members, but he did not join. He first entered the United States at age 17, settled with family in New York, and eventually joined MS-13 there, getting gang-related tattoos. In 2009, Petitioner was arrested in New York while in a vehicle with two older MS-13

ORDER GRANTING PETITIONER'S WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 1

members.  Petitioner states that he did not know one of them possessed a weapon, but the older members forced him to take responsibility for it.  He pleaded guilty to felony criminal possession of a loaded firearm and was sentenced to four years imprisonment.  In October 2009, Petitioner was issued a Notice to Appear and placed in removal proceedings.  On April 27, 2011, an immigration judge ordered Petitioner removed to El Salvador.  On April 24, 2013, after his release from prison, Immigration and Customs Enforcement ("ICE") removed him to El Salvador.

While in El Salvador, Petitioner states that he attempted to hide from MS-13 members, but the gang found him and forced his participation. He was also beaten by police on several occasions for being a gang member.  Petitioner attempted to reenter the United States, but on October 12, 2013, he was arrested for illegal reentry and sentenced to 120 days in prison for this violation.  While in prison, Petitioner joined a church and became a Christian.  On March 19, 2014, ICE reinstated his 2011 order of removal and again removed him to El Salvador.

Upon returning to El Salvador, Petitioner attempted to hide from MS-13 members for a year, but he was eventually found, and they tried to force him to leave the church.  He was beaten several times for his Christian beliefs and for refusing to rejoin the gang.

Shortly thereafter, Petitioner reentered the United States a third time.  He married in 2015 and had several children, including two who are United States citizens.  Prior to his current detention, Petitioner assisted his oldest child with college classes, worked in landscaping and cleaning, and opened a cleaning business with his wife.  He no longer associates with MS-13, but his tattoos remain.

On May 5, 2023, Petitioner was again arrested for illegal re-entry in New York and placed in the United States Marshal's custody.  On February 29, 2024, a district judge for the Eastern

ORDER GRANTING PETITIONER'S WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

District of New York sentenced Petitioner to ten months imprisonment and two years of supervised release.

On March 7, 2024, Petitioner was transferred to ICE custody and served with notice that his 2011 order of removal had been reinstated.  Petitioner claimed fear of returning to El Salvador upon receiving this notice, but a Department of Homeland Security ("DHS") officer later found that Petitioner did not have a reasonable fear.  Petitioner appealed this decision to an immigration judge.  That same day, an immigration judge vacated the DHS officer's decision and placed Petitioner in withholding-only proceedings.  On April 5, 2024, Petitioner was served with a Warning for Failure to Depart based on his final removal order.  On May 30, 2024, a 90-day Post Order Custody Review determination was made to keep Petitioner in custody pending withholding of removal proceedings.

On August 13, 2024, Petitioner filed for asylum and withholding of removal.  On October 7 and 24, 2024, merit hearings were held, and an immigration judge issued a written order removing Petitioner to El Salvador but granting withholding of removal under the Immigration and Nationality Act and the Convention Against Torture ("CAT").  DHS appealed this decision, and on June 6, 2025, the Board of Immigration Appeals remanded the matter for a new decision.

On July 15, 2025, the immigration judge issued a new decision, denying Petitioner's request for withholding but, in alternative, granted Petitioner's request for deferral of removal under the CAT to El Salvador.  DHS appealed this decision, which remains pending, and Petitioner's detention has continued at Northwest ICE Processing Center ("NWIPC").

### III.    DISCUSSION

Petitioner argues that his detention is unconstitutional because his current detention has lasted over 24 months, well-beyond the presumptively reasonable period of six months under

ORDER GRANTING PETITIONER'S WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3

*Zadvydas v. Davis*, 533 U.S. 678 (2001), and removal is not reasonably foreseeable. Dkt. #5 at 23-27. The Government contends that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is "in removal proceedings[,]" not under a final order of removal. Dkt. #8 at 1-2. Thus Petitioner "is not entitled to a bond hearing" and *Zadvydas* does not apply. *Id*. at 5-7. Rather, the Government argues that Petitioner's detention is subject to *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019), and is not unreasonable. *Id*. at 6-10.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his arrest and detention violate the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

The Government argues that the *Banda* factors apply because Petitioner is subject to mandatory detention under § 1225(b)(2) due to Petitioner being "in removal proceedings" rather than under a final order of removal while DHS' appeal of the immigration judge's "order of removal" is pending. Dkt. #8 at 2.

*Zadvydas* applies only after entry of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 300-01 (2018). A removal order is final after an appeal is dismissed by the BIA. *See* 8 C.F.R. § 1241.1(a). Here, Petitioner has a final removal order from 2011, was deported to El Salvador twice on this order, and this final removal order was reinstated in March 2024. *See*

ORDER GRANTING PETITIONER'S WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 4

Dkt. #9 at ¶¶ 11 ("Petitioner was served with a Notice of Intent/Decision to Reinstate Prior Order") and 13 ("Petitioner is served with Warning for Failure to Depart, Form I-229, giving notice of failure to adhere to final order of removal"). The Government's current appeal concerns the "Immigration Judge's decision granting the Applicant deferral of removal under the Convention against Torture[.]" Dkt. #10, Ex. A at 4. According to the Government's declaration, Petitioner is in "withholding only proceedings pursuant to 8 C.F.R. 1208.31(g)(2)." Dkt. #9 at ¶ 12.

Deferral "of removal and CAT protection only restrict *where* the Government may remove a noncitizen to, not *whether* the noncitizen is subject to removal." *Kumar v. Wamsley*, Case No. C25-2055-KKE, 2025 WL 3204724, at *2 (W.D. Wash. Nov. 17, 2025) (emphasis in original). "Thus, even if the IJ [immigration judge] grants such protection, the removal order remains valid and enforceable[.]" *Id*. The Supreme Court has clearly held the opposite of what the Government argues:

> Respondents first argue that because an immigration judge or the BIA might determine that DHS cannot remove a[] [noncitizen] to the specific country designated in the removal order, the question whether the [noncitizen] is 'to be removed' remains 'pending' . . . . Respondents misunderstand the nature of withholding-only proceedings. . . . The proceedings that result from such an application are 'limited to a determination of whether the [noncitizen] is eligible for withholding or deferral of removal,' and 'all parties are prohibited from raising or considering any other issues, including but not limited to issues of admissibility, deportability, eligibility for waivers, and eligibility for any other form of relief.' [8 C.F.R.] §§ 208.2(c)(3)(i), 1208.2(c)(3)(i). If an immigration judge grants an application for withholding of removal, he prohibits DHS from removing the [noncitizen] to *that* particular country, not *from* the United States. The removal order is not vacated or otherwise set aside. It remains in full force, and DHS retains the authority to remove the [noncitizen] to any other country authorized by statute. . . . In short, withholding-only relief is country-specific. It relates to where a[] [noncitizen] may be removed. It says nothing, however, about the antecedent question whether a[] [noncitizen] should be removed from the United States. . . . Because the validity of removal orders is not affected by the grant of withholding-

ORDER GRANTING PETITIONER'S WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 5

only relief . . . initiation of withholding-only proceedings does not render non-final an otherwise 'administratively final[1]' reinstated order of removal.

*Johnson v. Guzman Chavez*, 594 U.S. 523, 535-50 (2021) (emphasis in original).  Accordingly, the Court finds that Petitioner is subject to a final order of removal and the "expedited process for [noncitizens] who reenter the United States without authorization after having already been removed" under 8 U.S.C. § 1231 applies, not § 1225.  *Id*. at 530.

When an order of removal has been entered, ICE must remove the noncitizen within 90 days but may extend this period for a "reasonably necessary" time to bring about removal.  *See* 8 U.S.C. § 1231(a)(1)(A).  A noncitizen who has illegally reentered the United States after being removed on an order of removal "shall be removed under the prior order at any time after the reentry."  *Id*. at § 1231(a)(5).  However, the Government is not authorized to place noncitizens subject to removal in "indefinite, sometimes permanent, detention[.]" *Zadvydas*, 533 U.S. at 699.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Id*. at 690.  "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  *Id*. at 699.  The "presumptively reasonable" period for detention following an order of removal is six months.  *Id*. at 701.

Here, Petitioner's detention is well-beyond any presumptively reasonable period.  Even under *Banda*, the Government concedes that Petitioner's continuous detainment is "within the range of what Courts in this District typically find unreasonable."  Dkt. #8 at 7.  Petitioner has been ordered removed to El Salvador, but that removal option has been deferred due to an immigration judge twice finding a high likelihood of torture.  *See* Dkt. #10, Ex. B.   The

---

[1]  The Court finds that Petitioner's removal order has been and is administratively final.  *See Guzman Chavez*, 594 U.S. at 534-35 (holding that removal orders are administratively final when "there is nothing left for the BIA to do with respect to the removal order other than to execute it").

ORDER GRANTING PETITIONER'S WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 6

Government contends that its appeal with the BIA "near[ing] the end of its completion" weighs in its favor. Dkt. #8 at 8. This appeal has been pending since last August, and the Government provides nothing to support this conclusion.

However, Petitioner's deferral only applies to El Salvador. Under statute, the Government has other options, such as any country willing to accept Petitioner. *See* 8 U.S.C. § 1231(b)(2). Petitioner claims that he "has been told that ICE will consider Canada, Costa Rica, and Mexico, for his removal[.]" Dkt. #5 at 9. The Government does not mention any other options, only that it is appealing the immigration judge's deferral of El Salvador. Given Petitioner's history and unwillingness to go to Mexico or anywhere else, and the Government's contention that it is seeking removal to El Salvador after a successful appeal, not third country removal at this time, these options seem highly unlikely. Accordingly, the Court finds that Petitioner has shown "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and the Government has failed to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Therefore, the Court will grant the petition.

Petitioner also requests that the Court order that the Government may not remove him to a third country without notice and meaningful opportunity to respond. Dkt. #5 at 29. He also requests that the Court enjoin the Government from seeking "to remove Petitioner to a third country under their punitive banishment policy and practices." *Id*. at 27. Given Petitioner's final order of removal and deferral status, the Court finds it highly likely that Petitioner will face deportation to a third country and irreparable harm of imprisonment on arrival if the Government effectuates removal to such countries. *See Nguyen v. Scott*, 796 F. Supp. 3d 703, 727-34, 736-739 (W.D. Wash. 2025). Furthermore, based on Petitioner's uncontested allegations, the Court

ORDER GRANTING PETITIONER'S WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 7

finds that, to the extent the Government seeks to remove noncitizens to third countries where they will be imprisoned or punished on arrival, this third-country removal practice is punitive and violates due process. *See Baltodano v. Bondi*, No. C25-1958 RSL, 2025 WL 3484769, at *7-10 (W.D. Wash. Dec. 4, 2025) (citing similar cases). Accordingly, the Court will grant this request.

## IV.   CONCLUSION

Having reviewed the instant petition, relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Petitioner's habeas petition, Dkt. #5, is GRANTED.

(2) Petitioner shall be immediately released from custody on conditions compliant with 8 U.S.C. § 1231(a)(3) and may not be re-detained until after an immigration court hearing is held (with adequate notice) to determine whether detention is appropriate.

(3) Respondents may not re-detain Petitioner unless, at a minimum, one of the following occurs:

   a.   Petitioner violates his conditions of release;

   b.   The Government (1) obtains a valid travel document for him, (2) provides this document to him and his counsel, (3) offers Petitioner the opportunity to leave on his own within two months, and (4) Petitioner does not leave. Under such circumstances, the Government may be permitted to re-detain Petitioner provided it has already made concrete arrangements to for him to be removed in the reasonably foreseeable future.

ORDER GRANTING PETITIONER'S WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 8

(4) Respondents shall not remove or seek to remove Petitioner to a third country without affording him meaningful notice and opportunity to respond in conformity with 8 U.S.C. § 1231(b) and due process.

(5) Respondents shall not remove Petitioner to any country where he is likely to face imprisonment or punishment upon arrival.

DATED this 19th day of March, 2026.

Ricardo S. Martinez
United States District Judge

ORDER GRANTING PETITIONER'S WRIT OF
HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 9